[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Connecticut Light and Power Company seeks recovery of unpaid electric charges from the defendant Darryl N. Randolph on the basis of an implied contract for electricity delivered to rental units owned by the defendant. The plaintiff for its implied contract relies on the following admission of the defendant in his answer to requests for admissions (Plaintiff's Exhibit 10), to wit:
 "11. The defendant requested that the plaintiff provide electric service to the real property, located at 195-197 Jefferson Street, Hartford, Connecticut, and that said electric service be established in the defendant's name. [Answer] deny in part, admit in part . . . The only time Defendant ever requested that the power for any units be placed in his name was when certain tenants would move out and I needed power to fix up the apartment. Other than those brief periods, [the] only power I ever requested in my name was for the hallway account."[1]
The plaintiff not only seeks to collect for electricity supplied to the defendant during the time the apartments were vacant but also for electricity supplied to his tenants. It just boldly transferred thecharges from the tenants' meters to that of the defendant.[2]
For the plaintiff to succeed under the theory of an implied contract, the fruit of the plaintiff's services must have been a benefit to the defendant. "Such a contract arises where a plaintiff, without being requested to do so, renders services under circumstances indicating that he expects to be paid therefor, and the defendant, knowing such circumstances, avails himself of the benefit of those services." Collinsv. Lewis, 111 Conn. 299, 304 (1930). Although the defendant concedes that it was a benefit to him when the plaintiff supplied electricity to vacant apartments, surely there was no benefit to him for the electricity supplied for use by his former tenants.
The plaintiff sought to prove the amount due to it through plaintiff's Exhibit 1, "Billing Statement," for all the electricity supplied not only for the defendant's benefit (when the apartment was vacant) but also for that of the tenants totaling $10,042.25. From this statement it is impossible for the court to determine the amount of the electricity supplied for the benefit of the defendant and that supplied for the benefit of his former tenants. The plaintiff, of course, has the burden of proof. See Collins v. Lewis, 111 Conn. 299, 306 (1930).
Accordingly, the court enters judgment in favor of the defendant plus CT Page 6582 costs.
Robert I. Berdon, Judge Trial Referee